UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

COLDWELL BANKER REAL
ESTATE CORPORATION,

    Plaintiff,

v.

SUMMIT REAL ESTATE GROUP,
LLC d/b/a COLDWELL BANKER
COMMERICAL GRANGER
GROUP, *et al.*,

    Defendants.

_____/

Case No. 5:04-CV-104

Hon. Richard Alan Enslen

**JUDGMENT**

    This matter is before the Court on Plaintiff Coldwell Banker Real Estate Corporation's Motion for Summary Judgment and Plaintiff's Motion to Dismiss Defendant Summit Real Estate Group, LLC's Counter-Complaint. Oral argument is unnecessary.

    Under the language of Federal Rule of Civil Procedure 56(c), summary judgment is proper if the evidence filed shows that there is no genuine issue as to any material fact. The initial burden is on the movant to specify the basis for summary judgment and to identify portions of the record demonstrating the absence of a factual issue. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The burden then shifts to the non-movant to come forward with specific evidence creating a factual issue for trial. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). If the non-movant fails to make a showing sufficient, summary judgment is appropriate. *Celotex Corp.*, 477 U.S. at 323.

    In this case, Defendants have wholly failed to respond to the summary judgment motion. The proofs filed, including the Affidavits of Jacklene Chesler and Debbie Iuliano and the Defendants'

admissions, establish Defendants' liability on the Complaint for breach of contract (the Franchise Agreement and the Guarantee of Defendant Todd Brunst[1]) and for related claims. Plaintiffs' damages are likewise established and amount to $29,572.90 in lost service fees and $47,718.48 in lost profits, for total damages of $77,291.38 plus pre-judgment interest. Plaintiff's briefing also establishes that Plaintiff is entitled to an accounting to enforce paragraph 11.5 of the Franchise Agreement as well as an award of attorney fees under paragraph 16.2 of the Agreement.[2]

As for the Motion to Dismiss, the premise of the Motion is that Defendant Summit Real Estate Group, LLC cannot proceed on its Counter-Complaint. A corporation, as a matter of law, cannot appear in federal court except through an attorney. *Rowland v. Cal. Men's Colony,* 506 U.S. 194, 201-03 (1993) (citing cases). Under Michigan law, a limited liability company is a hybrid entity which has some characteristic of a corporation, but others of a partnership. *See* Mich. Comp. Laws §§ 405.4101 to 450.5200. Federal courts that have considered the status of limited liability companies have determined it must, like a corporation, be represented by a licensed attorney. *See Kipp v. Royal & Sun Alliance Personal Ins. Co.*, 209 F. Supp. 2d 962, 963 (E.D. Wis. 2002); *In re ICLNDS Notes Acquisition, LLC*, 259 B.R. 289, 293 (Bankr. N.D. Ohio 2001); *In re Interiors of Yesterday*, *LLC*, 284 B.R. 19, 24 (Bankr. D. Conn. 2002). Such rulings are prudent since they recognize that the hybrid status was born of tax considerations and does not reflect an intent to allow those entities to appear in litigation through individual members or managers. Further, such

---

[1] The Court will assess liability against Defendant Todd Brunst on his Guaranty, but not against Defendant Gary Granger, because the latter is the subject of a Stipulation embodying a Settlement Agreement which voluntarily resolves claims against Defendant Granger.

[2] As to the latter, Plaintiff should move under Rule 54(d), within 14 days of the entry of this Judgment for the award of such fees; and shall provide supporting papers establishing the amount of such fees. Costs should be billed in accordance with W.D. Mich. L.Civ. R. 54.1.

determinations are wise because they recognize that members and managers of a limited liability company often have disparate interests such that the entity's overall interests are only fairly represented by a licensed attorney. As such, the Court determines that the members of the company may not represent it in this controversy. Further, since counsel has withdrawn on behalf of the company, dismissal of its counter-claims is now appropriate. *See In re ICLNDS Notes Acquisition, LLC*, 259 B.R. at 293. It is noted that Defendant Brunst's counter-claims were previously dismissed. (*See* Dkt. No. 24.)

**THEREFORE, IT IS HEREBY ORDERED** that Plaintiff Coldwell Banker Real Estate Corporation's Motion for Summary Judgment on its Complaint (Dkt. No. 45) is **GRANTED** and Judgment is entered in favor of Plaintiff and against Defendants Summit Real Estate Group, LLC and Todd Brunst as follows:

1. A monetary judgment enters in the amount of $77,291.38 against said Defendants, jointly and severally, together with such pre-judgment interest, costs and attorneys fees as may be determined.

2. Defendants are ordered and enjoined to permit a thorough examination of their accounts within 30 days of this Judgment's entry.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Dismiss Defendant Summit Real Estate Group, LLC's Counter-Complaint (Dkt. No. 44) is **GRANTED** and the counter-claims of Defendant Summit Real Estate Group, LLC are **DISMISSED WITH PREJUDICE**.

DATED in Kalamazoo, MI:  /s/ Richard Alan Enslen
November 3, 2005  RICHARD ALAN ENSLEN
  SENIOR UNITED STATES DISTRICT JUDGE